FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 10, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOUSTON SPECIALTY INSURANCE COMPANY, | No. 4:24-CV-05159-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| DIONICIO HERNANDEZ VILLANUEVA, | |
| Defendant. | |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 23, and Defendant's Motion for Partial Summary Judgment, ECF No. 27. Plaintiff is represented by Jeffrey S. Tindal and Linda S. W. Hsu. Defendant is represented by Nicholas A. Thede, Paul A. Mockford, and Scott A. MacLaren. The motions were considered without oral argument.

**<u>Background</u>**

Plaintiff Houston Specialty Insurance Company (Plaintiff) is an insurance provider. Heavy Metal Carports Inc (HMC) purchased an insurance policy from Plaintiff in Washington, which included several provisions at issue here: an Employer's Liability Exclusion, a Workers' Compensation Exclusion, and an

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT \* 1**

Independent Contractor Endorsement (IC Endorsement).

Defendant was an employee of an independent contractor performing work for HMC in Oregon. HMC did not obtain an indemnity agreement, proof of workers' compensation coverage, or proof of any other insurance from the independent contractor. Defendant was injured at work and sued HMC in Oregon. The parties ultimately resolved the Oregon lawsuit with a stipulation to enter a judgment against HMC in the amount of $4.95 million and assigned HMC's claims against Houston Specialty Insurance Company, if any, to Defendant. Plaintiff then filed this suit, making two claims: (1) Declaratory Relief – No Duty to Defend or Indemnify Under the Policy, and (2) Declaratory Relief in the Alternative – Any Defense and/or Indemnity Obligations Under the Policy are Limited to $100,000. Plaintiff now requests the Court grant summary judgment on both claims. Defendant has also moved for partial summary judgment on the second claim for relief.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT * 2**

to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

<u>**Legal Framework**</u>

**1. Insurance Policy Interpretation Standard**

"If terms are defined in a policy, then the term should be interpreted in accordance with that policy definition." *Kitsap County v. Allstate Ins. Co.*, 136 Wash.2d 567, 576 (1998). If a term in the policy is undefined, however, the term is to be given its "plain, ordinary, and popular meaning." *Key Tronic Corp. v. Aetna (CIGNA) Fire Underwriters Ins. Co.*, 124 Wash.2d 618, 627 (1994). The terms in an insurance contract are to be "construed in accordance with the meaning understood by the typical purchaser of insurance." *Sprague v. Safeco Ins. Co. of Am.*, 174 Wash.2d 524, 528 (2012).

A term in a policy is considered ambiguous if "it is susceptible to more than one reasonable interpretation." *McLaughlin v. Travelers Comm. Ins. Co.*, 196 Wash.2d 631, 642 (2020). If a term is ambiguous, it "must be construed against the insurer and in favor of the insured." *Holden v. Farmers Ins. Co. of Wash.*, 169 Wash.2d 750, 756 (2010). Exclusionary clauses are strictly construed against the insurer. *Moeller v. Farmers Ins. Co. of Wash.*, 173 Wash.2d 264, 272 (2011).

Under Washington law, an insurance provider must show that it was "actually prejudiced" by the insured's noncompliance with conditions in the insurance agreement before it can deny the insured of the benefits of purchased coverage. *Pub. Util. Dist. No. 1 v. Int'l Ins. Co.*, 124 Wash.2d 789, 803-04 (1994); *Mut. Of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wash.2d 411, 426-27 (2008).

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT * 3**

**Insurance Policy**

The pertinent parts of the Insurance Policy issued by Plaintiff are as follows:

**1. The Employer's Liability Exclusion**

The Policy's Employer's Liability Exclusion prohibits coverage for "Bodily injury" to: (1) an "employee" of the insured arising out of and during: (a) employment by the insured; or (b) performing duties related to the conduct of the insured's business. This exclusion applies regardless of the insured's liability and obligation to pay any amount of damages.

**2. The Workers' Compensation Exclusion**

The Policy's Workers' Compensation Exclusion states the insurance does not apply to "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."

**3. The IC Endorsement**

The introductory paragraph of the IC Endorsement reads: "As the condition precedent to coverage for any claim for injury or damage based, in whole or in part, upon work performed by an 'independent contractor…'"

The IC Endorsement required HMC, as a condition precedent to coverage, to do the following with respect to any independent contractors it used in its business: (1) obtain a written indemnity agreement from the independent contractor holding HMC harmless for all liabilities, (2) obtain certificates of insurance from the independent contractor showing that HMC was named as an additional insured on the independent contractor's commercial general insurance policy, and (3) obtain proof that the independent contractor had Workers Compensation and Employers Liability coverage prior to the start of work, if required by the state in which the job was located. If the insured fails to obtain those documents, the policy limits coverage to $100,000.

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT * 4**

**Plaintiff's Motion**

Plaintiff asserts it has no duty to indemnify HMC under the policy for two reasons: (1) the Employer's Liability Exclusion in the policy bars indemnity coverage as Defendant was an employee of HMC at the time of his injury, and (2) the Workers' Compensation Exclusion in the policy bars indemnity coverage since HMC and the independent contractor failed to obtain workers' compensation as required by Oregon law, and the obligation of HMC to Defendant pursuant to the stipulated judgment is inherently related to workers' compensation law. In the alternative, Plaintiff has moved for summary judgment on the second claim for relief, asserting the policy's IC Endorsement limits coverage to $100,000, as HMC failed to meet the requirements in the IC Endorsement.

**Defendant's Motion**

Defendant asserts he is entitled to summary judgment on the second claim for relief, regarding the IC Endorsement, as HMC's liability in the underlying suit is not based upon the work of an independent contractor, and Plaintiff has failed to show it was actually prejudiced by HMC's failure to obtain the proper insurance coverage assurances.

**Analysis**

Here, Plaintiff is entitled to summary judgment on the first claim for relief under the Workers' Compensation Exclusion. As such, the Court does not reach the merits of Plaintiff's motion regarding the Employers' Liability Exclusion and the Second Claim for Relief, or Defendant's motion.

In Washington, a workers' compensation exclusion bars an insurer's liability to indemnify the insured when the insured fails to obtain workers' compensation coverage prior to the injury of an employee. *Tri-State Const., Inc. v. Columbia Cas. Co./CNA*, 39 Wash.App. 309, 315-16 (1984). It is irrelevant what the specific causes of action in the underlying suit are, whether it be negligence or a specific claim under a workers' compensation law, so long as an individual who typically

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT * 5**

would be covered by workers' compensation was injured and the employer failed to obtain workers' compensation coverage. *Id*.

In the underlying proceeding, Defendant filed suit in Oregon for negligence and statutory violations of the Oregon Employer Liability Law. Relevant to this suit was HMC and the independent contractor's failure to obtain workers compensation coverage as required by Oregon law. The Workers Compensation Exclusion bars claims under workers' compensation laws and similar laws. The underlying suit is sufficiently related to workers' compensation to be barred under the Policy's Workers' Compensation Exclusion. As such, Plaintiff's Motion for Summary Judgment as to the first claim for relief is granted.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion for Summary Judgment, ECF No. 23, is **GRANTED**.

2.    Defendant's motion for Partial Summary Judgment, ECF No. 27, is **DENIED**.

3.    The District Court Clerk is hereby directed to **enter judgment** in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order, provide copies to counsel, enter judgment, and **close** the file.

**DATED** this this 10th day of December 2025.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT * 6**